FILED
TARRANT COUNTY
5/17/2021 6:41 PM
THOMAS A. WILDER
DISTRICT CLERK

153-325307-21
NO. _____

| | | |
|---|---|---|
| **SHAMIKA WHITFIELD**<br>**Plaintiff,** | § § § | IN THE DISTRICT COURT |
| **V.** | § § § | _____ JUDICIAL DISTRICT |
| **CITY OF FORT WORTH**<br>**Defendant.** | § § § | OF TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **NOW COMES** Shamika Whitfield, hereinafter called Plaintiff, complaining of and about Defendant, the City of Fort Worth, more specifically the Fort Worth Police Department, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Shamika Whitfield, is an Individual whose address is 7220 Windy Ridge Drive, Fort Worth, Texas 76123.

3. The last three numbers of Shamika Whitfield's driver's license number are 726.

4. Defendant City of Fort Worth, a city based in Tarrant County, Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected by serving the City Secretary's Office, Department Head, Mary J. Kayser, at City Hall,

Whitfield
*Original Petition* Page **1** of **10**

200 Texas St., Fort Worth, 76102, with an additional copy sent to the City Attorney's office at City Hall, 200 Texas St., Fort Worth, 76102.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

   a. monetary relief over $250,000 but not more than $1,000,000.

7. This court has jurisdiction over the parties because Plaintiff is a Texas resident.

8. Venue in Tarrant County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

9. Governor of Texas, Greg Abbott, issued a disaster proclamation on March 13, 2020, certifying under Section 418.014 of the Texas Government Code that the novel coronavirus (COVID-19) poses an imminent threat of disaster for all counties in the State of Texas, which has been repeatedly renewed up until the time of this filing and has impacted not only court proceedings in Texas, but other services related to judicial proceedings and the ability to communicate effectively with parties.

10. The Texas Supreme Court issued Thirty-Sixth Emergency Order (effective March 5, 2021 and expiring June 1, 2021) that authorizes or requires (if necessary, to avoid risk to participants and the public) all courts to modify or suspend any deadlines and procedures prescribed by statute, rule, or order for a stated period ending no later than June 1, 2021 without a participant's consent; and which was an extension of prior emergency orders extending or tolling deadlines due to COVID-19, and due to the disruptions caused by COVID-19, this

petition is timely filed.

## CAUSE OF ACTION

11.     This is an action brought by the Plaintiff against Defendants, the City of Fort Worth, Texas, more particularly the Fort Worth Police Department, for Officer Shelton's use of racial profiling, excessive force, and the unlawful detention and search by multiple officers of the Fort Worth Police Department resulting in damages under the color of law in violation of her individual rights under the Fourth and Fourteenth Amendments of the United States Constitution and in violation of her civil rights pursuant to 42 U.S.C. § 1983, as well as violations of Texas State law and section 19 of the Texas Constitution.

12.     Plaintiff alleges that the City of Fort Worth, Texas ("City of Fort Worth") and its policy makers failed to properly train, supervise, screen, discipline, transfer, counsel or otherwise control officers. The City of Fort Worth and the Fort Worth Police Department ("the FWPD") had a duty, but failed to implement and/or enforce policies, practices, and procedures for the FWPD that respected Shamika Whitfield's constitutional rights to assistance and protection, and rights to not be racially profiled. The City of Fort Worth's failure to adequately supervise and discipline Officer Shelton and other officers on the force that arrived on scene, implement the necessary policies, and the implementation of unconstitutional policies caused Plaintiff's unwarranted and humiliating ordeal. Officer Shelton consciously disregarded the rights of Plaintiff, knowing that his actions would be supported by the FWPD, as is shown when multiple officers arrive and participate in the unlawful detention, search, and inform Plaintiff that this is what happens when they are told there is a gun in a vehicle.

13.     For these civil rights violations and other causes of action discussed herein,

Plaintiff seeks answers and compensation for damages.

## FACTS

14. On April 18, 2019 Ms. Whitfield was traveling on Bryant Irvin Road when she was stopped by Fort Worth Police Officer Shelton at approximately 9:30 p.m. He approached her and asked, "What was that?" He did not identify himself or tell Ms. Whitfield why she was being pulled over initially and was aggressive with his speech. Ms. Whitfield asked if it was about her speeding up to get ahead of traffic and he told her that she was going at least 60. She did not agree but gave Officer Shelton her driver's license, concealed handgun license, insurance information, and then informed him that she had a handgun in the vehicle.

15. Officer Shelton asked her where the handgun was located, and Ms. Whitfield informed him that the handgun was in between her seats. Officer Shelton then told her "Well, don't reach for it." Ms. Whitfield responded "Of course not. Why would I do that?" At this point, Officer Shelton began yelling repeatedly at Ms. Whitfield to get out of the car. Ms. Whitfield asked why, and Officer Shelton told her it was because she had a gun in her car. Ms. Whitfield asked why he was aggressively ordering her from the vehicle when she was being compliant, and Officer Shelton became more aggressive.

16. Officer Shelton's behavior scared Ms. Whitfield. She called 911 and begged them to dispatch another unit because she was uncomfortable with and afraid of Officer Shelton and did not feel safe exiting her vehicle with only him present, which Ms. Whitfield also relayed to Officer Shelton. Officer Shelton then began yanking on Ms. Whitfield's seatbelt, causing it to tighten around her waist. Ms. Whitfield asked Officer Shelton to stop because he was hurting her. Officer Shelton then called dispatch and stated that Ms. Whitfield was armed, non-

Whitfield
*Original Petition* Page **4** of **10**

compliant, but not yet aggressive.

17. Within minutes, several police cars and SUVs arrived at the scene and Officer Shelton told her that now a "whole bunch of them are coming." Ms. Whitfield called her significant other and asked her to come witness the incident, since she was nearby at the Ogle School. Other officers exited their vehicles and approached Ms. Whitfield's car. Not one officer at the scene was a person of color nor were there any female officers at the scene. So many officers showed up to the scene that Bryant Irvin Road was essentially shut down.

18. Ms. Whitfield asked one of the newly arrived officers why she had to get out of the vehicle, and he responded, "Because he told you to." Officer Shelton then reached across Ms. Whitfield and unbuckled her seatbelt, jerked her out of the vehicle by her arm, and threw her on the hood of the squad car and handcuffed her. Officer Shelton told Ms. Whitfield not to fight him and she pointed out that she was not fighting him. Officer Shelton then grabbed Ms. Whitfield's phone from her hand and ended her call with her significant other.

19. Ms. Whitfield was placed in one of the police units while in handcuffs. She was not told why she was detained. Her vehicle was then searched without her permission. No K-9 units were dispatched. An officer asked Ms. Whitfield if she understood what was going on and she said, "No." Later she was told by an officer, "This is what happens when you say you have a gun in the car." Ms. Whitfield waited in handcuffs in the back of a police unit and was there when her significant other and a friend arrived.

20. Ms. Whitfield was not arrested and was issued a speeding ticket which was ultimately dismissed. She filed a complaint with Internal Affairs.

21. A letter with a notice of intent was sent to the City of Fort Worth in September 2019 in accordance with Texas law.

Whitfield
*Original Petition* Page **5** of **10**

## SHAMIKA WHITFIELD'S CLAIM FOR EXCESSIVE FORCE

22. Plaintiff would show that at all times material to the incident, Officer Shelton, and the other officers of the FWPD had a duty to avoid infliction of unjustified bodily injury to Ms. Whitfield, to respect and protect her bodily integrity and to not repeatedly violate her constitutional rights.

23. Plaintiff would show that FWPD officers failed to act as reasonable officers would have acted in the same or similar circumstances. Officers with the FWPD, without justification and the need to do so, used excessive force as described above and forcibly removed and pushed onto the hood of a police car and handcuffed Ms. Whitfield despite her compliance and her request for a female officer, one she not only made to Officer Shelton, but via calling 911. Plaintiff never made any threatening gestures towards the any officer of the FWPD, threatening comments, nor indicated in any way that she was a threat to any officer's safety during the traffic stop.

24. The force used by Officer Shelton was unnecessary, excessive, and unreasonable under the circumstances and violated Plaintiff's constitutional rights, in addition to the unreasonable actions by the other officers on scene, who assisted in Plaintiff's unlawful detention and the unlawful search of Plaintiff's vehicle.

## SHAMIKA WHITFIELD'S CLAIM FOR FAILURE TO TRAIN BY THE CITY OF FORT WORTH

25. Officer Shelton and the other officers who arrived at the scene of the traffic stop of the Plaintiff were acting under color of law and acting pursuant to customs, practices, and policies of the City of Fort Worth and the FWPD in regard to the use of excessive force as

authorized and/or ratified by the City of Fort Worth. Plaintiff was deprived of rights and privileges secured to her by the United States Constitution and by other laws of the United States, as well as by the Texas Constitution and other laws of the state of Texas by the City of Fort Worth by failing to provide proper training, adequate supervision, or discipline in dealing with individuals such as Ms. Whitfield in violation of 42 U.S.C. §1983 and related provisions of federal and state law and in violation of constitutional provisions.

26.     The City of Fort Worth, and the FWPD, failed to adequately train its officers in the areas of reasonable force, proper arrest and confrontation techniques, and methods and techniques to appropriately handle situations such as the one that arose involving Ms. Whitfield.

27.     The unlawful and unwarranted acts of the officers of the FWPD, as well as their lack of training, and the official customs or policies of the FWPD caused the injuries and damages to Plaintiff.

28.     The officers were acting under color of law during the time of this incident.

29.     No reasonably prudent police officer under similar circumstances who had received proper training could have believed that the actions Officer Shelton and the other officers took at the time were not a violation of Ms. Whitfield's constitutional rights and were justified by anything Ms. Whitfield had said or done.

30.     The unlawful and unwarranted acts by the officers of the FWPD, lack of training and the official customs or policies of the FWPD caused Plaintiff's injuries. As a direct and proximate result of the Defendant's conduct, Plaintiff has sustained damages and loss, including mental anguish.

## SHAMIKA WHITFIELD'S CLAIM FOR UNLAWFUL SEIZURE OF A PERSON

31. FWPD officers, acting under color of law, unreasonably and unlawfully detained Plaintiff past the point it was necessary to effectuate the purpose of the stop, without any further reasonable suspicion or probable cause, violating her rights to due process and equal protection guaranteed to her by Fourth Amendment to the Constitution of the United States and 42. U.S.C. § 1983, and their counterparts in the Texas Constitution when they handcuffed her and placed her in the back of the police vehicle while they went on to violate her rights protecting her from an unlawful search.

32. These rights were clearly established at the time of Plaintiff's traffic stop and were violated by the FWPD. As a result, Plaintiff was humiliated and criminalized and has suffered injuries which resulted directly from her wrongful detention and/or seizure which was objectively unreasonable and violation of clearly established law.

## SHAMIKA WHITFIELD'S CLAIM FOR RACIAL PROFILING AND UN LAWFUL SEARCH

33. FWPD officers, acting under color of law, unlawfully searched Plaintiff's vehicle, violating her constitutional rights to be free of unlawful searches and seizures, equal protection, and federal and state laws regarding racial profiling.

34. Plaintiff had not consented to a search of her vehicle, had informed Officer Shelton that she had a firearm in the vehicle, and was stopped for a traffic violation. There were no indicators that further criminal activity aside from a traffic offense was taking place or was going to take place. Officers had no reasonable suspicion or probable cause to further detain Plaintiff or search her vehicle based on her disclosure of a firearm in the vehicle in accordance

with Texas law, or her request for a female officer.

35. The prolonged detention and unauthorized and unlawful search not only violated Ms. Whitfield's due process rights but was arbitrary and unreasonable under the circumstances and likely would not have happened the way it had if Ms. Whitfield were not African American.

36. The officers' conduct was well defined by law and they knew or should have known that the conduct was below the standard prescribed by law and the United States and Texas Constitutions.

37. These rights were clearly established at the time of Plaintiff's traffic stop and were violated by the FWPD. As a result, Plaintiff was humiliated and criminalized and has suffered injuries which resulted directly from her wrongful search and/or seizure which was objectively unreasonable and violation of clearly established law.

## DAMAGES FOR PLAINTIFF, SHAMIKA WHITFIELD

22. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Shamika Whitfield, was caused to suffer injuries, and to incur the following damages:

    A. Actual damages;

    B. Mental anguish and emotional distress in the past;

    C. Mental anguish and emotional distress in the future; and

    D. Physical pain and suffering in the past;

    E. Loss of quality of life;

    F. Exemplary and punitive damages as well as costs of court;

    G. Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

      H.      Prejudgment interest; and,

      I.      Post-judgment interest.

23.     Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Shamika Whitfield, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

The Albarado Law Firm, P.C.

By: *Albarado*
Emmanuel Albarado
Texas Bar No. 24080758
Email: emmanuel@albaradolaw.com
4216 North Interstate 35
Denton, Texas 76207
Tel. (940) 218-6644
Fax. (940) 220-4027
Attorney for Plaintiff
Shamika Whitfield

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY